# 98 DTA 166

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL III**

DIANA C. COLLAZO HERNANDEZ
Recurrente

v.

AUTORIDAD DE CARRETERAS Y TRANSPORTACION; SERGIO L. GONZALEZ, DIRECTOR EJECUTIVO COMITE DE APELACIONES DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION Y/O LCDO. RAMON C. JULIA RAMOS, EN SU COMITE DE APELACIONES
Recurridos

Núm. KLRA-97-0066

San Juan, Puerto Rico, a 14 de abril de 1998

Panel integrado por su Presidenta, la Jueza Ramos Buonomo
y los Jueces González Román y Córdova Aroñe

</div>

## TEXTO COMPLETO DE LA SENTENCIA

La recurrente, la Sa. Diana Collazo (Sa. Collazo), solicita la revocación de la resolución emitida por el Comité de Apelaciones de la Autoridad de Transportación y Carreteras el 10 de septiembre de 1997. El referido decreto declaró sin lugar una Moción de Inhibición presentada por la Sa. Collazo.

Por los fundamentos que pasamos a exponer procedemos a expedir el auto de revisión y a revocar la resolución recurrida.

### I

La Sa. Collazo ocupaba un puesto de Coordinadora de Derechos Civiles en la Autoridad de Carreteras y Transportación (Autoridad), en calidad de empleada regular de carrera. En octubre de 1993, presentó una querella ante la Unidad Antidiscrimen, del Departamento del Trabajo y Recursos Humanos en la que alegó ser víctima de discrimen por género, embarazo, hostigamiento y persecusión sexual de parte de su supervisor inmediato. Durante las reuniones efectuadas con el propósito de dilucidar la reclamación de la Sa. Collazo, la Autoridad compareció representada por el Lcdo. Ramón Juliá Ramos (Lcdo. Juliá).

El 18 de abril de 1997, la Sa. Collazo fue destituida e informada de ello a través de una carta cursada por el Director Ejecutivo de la Autoridad. Oportunamente, presentó una apelación ante el Comité de Apelaciones de la Autoridad y solicitó la revocación de la decisión de separarla de su empleo.

El 22 de agosto de 1997, durante la vista administrativa ante el Comité de Apelaciones, la Sa. Collazo advino en conocimiento de que el Lcdo. Juliá era uno de los tres integrantes del Comité de Apelaciones de la Autoridad. En vista de que el Lcdo. Juliá había representado a la Autoridad en la querella instada por la Sa. Collazo contra su supervisor y la Autoridad y por considerar que el Lcdo. Juliá no era un adjudicador imparcial, ésta solicitó su inhibición en el caso. Dicha solicitud fue declarada sin lugar por el Lcdo. Juliá el 28 de agosto de 1997. Posteriormente, el 25 de septiembre de 1997, la Sa. Collazo solicitó reconsideración de la decisión, siendo la misma, también, declarada sin lugar.

Inconforme, el 6 de octubre de 1997, presentó ante este foro un oportuno recurso de revisión en el que impugna la decisión del Comité de Apelaciones que declaró sin lugar la moción que presentara solicitando la inhibición del Lcdo. Juliá. Aduce que erró el Comité al así disponer del caso en vista de que el Lcdo. Juliá, como representante anterior de la Autoridad en un caso relacionado, no es un adjudicador imparcial según lo exige el debido proceso de ley.

### II

La controversia en el caso de autos gira en torno a si procede la inhibición del Lcdo. Juliá en este caso debido a que representó a la Autoridad en un proceso anterior instado por la Sa. Collazo ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos entre los años 1993 y 1994. En dicha causa de acción se presentó una querella en el Tribunal de Primera Instancia y la misma aún está pendiente de ser resuelta. La acción que provoca la controversia que nos ocupa, a pesar de ser una distinta, está relacionada a ese caso.

## III

En la resolución del Comité de Apelaciones, el Lcdo. Juliá aduce que no existe razón por la cual deba inhibirse ya que su intervención en el caso original tuvo lugar hace más de cuatro años y la misma se limitó a una entrevista de la Sa. Collazo ante la Unidad Antidiscrimen. Alega que el recurso ante el Comité de Apelaciones no está relacionado al procedimiento anterior y que la actual controversia es una *"clara y precisa"* de hechos que no contiene *"elemento sujetivo"* que lo vincule al caso original.

Por otro lado, la Sa. Collazo alega que la presente controversia está *"indefectiblemente unida"* a la anterior, ya que la razón para el despido carece de fundamento y la verdadera razón para ello fue represalia y persecusión por ésta haber presentado la querella sobre discrimen contra su supervisor inmediato.

## IV

La Sec. 7 del Art. II de la Constitución del Estado Libre Asociado consagra el derecho al debido procedimiento de ley como preceptivo de que *"ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley"*. *Rivera Santiago v. Srio. de Hacienda*, 119 D.P.R. 265 (1987), a la pág. 273.

El Artículo 14 de la Ley 170 del 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2151 (L.P.A.U.), consagra el mandato constitucional de imparcialidad en los procesos adjudicativos. La L.P.A.U. dispone lo siguiente:

*"En todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos: (a) derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte, (b) derecho a presentar evidencia, (c) derecho a una adjudicación imparcial, (d) derecho a que la decisión sea basada en el expediente y se salvaguarde el derecho a una adjudicación imparcial."*

Se ha establecido que el derecho a un proceso imparcial es parte del debido proceso de ley y así lo ha reiterado el Tribunal Supremo en distintas ocasiones. Véase *Feliciano Figueroa v. Toste Piñero*, ___ D.P.R. ___ (1993), **93 J.T.S. 161,** a la página 11366.

El debido proceso de ley en su dimensión procesal encarna el principio fundamental que le garantiza a una persona que va a sufrir una pérdida de propiedad, libertad o vida, el derecho a ser oído. *Rivera Rodríguez v. Lee Stowell y otros*, ___ D.P.R. ___ (1993), **93 J.T.S. 111,** a la pág. 10931.

Todo análisis de debido proceso de ley debe comenzar examinando el derecho de propiedad o libertad en juego por razón de que *"la aplicabilidad del debido proceso de ley en su ámbito procesal requiere un interés individual de libertad o propiedad. Cumplida esta condición hay que determinar cuál es el procedimiento exigido"*. *Rivera Santiago v. Srio. de Hacienda, supra*, a la pág. 274.

En Puerto Rico, La Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. sec. 1301 *et. seq.* garantiza el derecho de propiedad a través del principio de mérito. El principio de mérito es una norma estatutaria que impide que se tome cualquier decisión arbitraria contra el empleado que tiene un interés propietario sin antes garantizar el debido proceso de ley. *Orta v. Ayala*, 131 D.P.R. 13 (1992), **92 J.T.S. 96,** a la pág. 9735.

Los empleados de carrera sólo pueden ser despedidos cuando existe justa causa y previa formulación de cargos. *Depto. Recs. Naturales v. Correa*, 118 D.P.R. 689 (1987), a la pág. 694.

El Tribunal Supremo ha expresado que *"De todos los valores que informan la garantía del debido proceso, el valor de la percepción de la justicia es el que con mayor claridad dicta el uso de un adjudicador imparcial. La necesidad de imparcialidad adjudicativa en la infraestructura del debido proceso impide al adjudicador decidir en un caso si tiene interés o prejuicio real identificable o cuando las circunstancias son tales que el riesgo de parcialidad es demasiado grande."* *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194 (1987), a la pág. 202.

## V

De la prueba en autos se desprende que el Lcdo. Juliá representó a la Autoridad en la querella original de Collazo que alegó que había sido hostigada por su supervisor inmediato. Dicha querella se ventiló en un procedimiento adversativo que no ha sido resuelto aún. En el proceso ante el Comité de Apelaciones integrado, entre otros, por el Lcdo. Juliá, la Sa. Collazo afirmó que su despido fue el resultado de represalia contra ella por haber presentado la querella contra su supervisor, empleado de la Autoridad. Es sensato concluir que ambos casos pueden estar relacionados entre sí.

Se desprende de los autos, también, que no solamente el Lcdo. Julia representó a la Autoridad en la querella presentada por la Sa. Collazo contra la Autoridad y su supervisor, sino que ahora es él quien le niega la oportunidad de que se reconsidere la decisión de separarla permanentemente de su empleo de carrera con la Autoridad. Consideramos que la función de representante en un caso adversativo y la de adjudicador, en un caso relacionado son incompatibles. Por ello, y en vista de que el derecho envuelto es el derecho a ser reinstalada en la posición que ocupaba en calidad de empleada de carrera, resolvemos que las circunstancias en el caso de autos justifican la inhibición del Lcdo. Juliá. La mera apariencia de una posible parcialidad es suficiente para inducirnos a resolverlo así.

Por los fundamentos anteriormente expuestos se expide el auto de revisión y se revoca la resolución recurrida y se ordena al Director Ejecutivo de la Autoridad a designar al panel del Comité de Apelaciones a un miembro alterno de criterio imparcial y que no haya representado a la Autoridad en reclamación alguna de la Sa. Collazo, en sustitución del Lcdo. Juliá.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General